Alam v. Holder

BIA
Schoppert, IJ
A097 534 609

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

_____

JEFFRI SETIAWAN ALAM,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

10-2752-ag
NAC

_____

FOR PETITIONER:          H. Raymond Fasano, Madeo & Fasano,
                         New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Shelley R. Goad, Assistant
                         Director; Kristen Giuffreda Chapman,
                         Trial Attorney, Office of
                         Immigration Litigation; U.S.
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jeffri Setiawan Alam, a native and citizen of Indonesia, seeks review of a June 11, 2010, decision of the BIA affirming the June 19, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied Alam's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jeffri Setiawan Alam,* No. A097 534 609 (B.I.A. June 11, 2010), *aff'g* No. A097 534 609 (Immigr. Ct. N.Y. City June 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA does not adopt the IJ's opinion but its decision comments favorably on the IJ's reasoning, we review "both the IJ's and the BIA's opinions 'for the sake of completeness.'" *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (quoting *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2008)). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519

2

F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, Alam waives any challenge to the agency's pretermission of his asylum application and its determination that he failed to demonstrate past persecution or his eligibility for CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Therefore, the sole issue is whether Alam demonstrated his eligibility for withholding of removal based on a well-founded fear of future persecution due to a pattern and practice of persecution of ethnic Chinese or Christians in Indonesia. Because, as discussed below, the agency reasonably found that Alam was unable to show the objective likelihood of persecution needed to make out an asylum claim, he is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

Contrary to Alam's argument, there is no indication that the agency ignored any material evidence he submitted. In his decision, the IJ explicitly referenced the materials Alam had submitted regarding the treatment of Chinese

3

Christians in Indonesia, noting that, in fact, some of the materials undermined Alam's claim. Similarly, the BIA specifically referred to one of the documents in evidence, the United States Department of State 2007 Country Report on Indonesia. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that this Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (quoting *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Moreover, the agency reasonably found that the mistreatment of ethnic Chinese or Christians in Indonesia is not sufficiently systemic or pervasive to support Alam's claim that there is a pattern or practice of persecution of ethnic Chinese or Christians. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (per curiam) (affirming an IJ's conclusion "that religious violence in Indonesia 'was occurring on a very localized basis and was not

4

countrywide'" and taking judicial notice of the fact that Indonesia contains "approximately 6000 inhabited islands" and that Muslims are not predominant across the country in rejecting the claim that there is a pattern or practice of the persecution of Chinese Christians in Indonesia). Because Alam does not identify any basis for his fear other than his assertion that there is a pattern or practice of persecution in Indonesia, and the evidence supports the agency's finding that he failed to demonstrate such a pattern or practice, we find no error in the agency's denial of Alam's application for withholding of removal.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk